IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JIMMY DWAYNE RAINES                                                              PETITIONER

v.                                                           CIVIL ACTION NO. 1:13cv562-KS-MTP

JOHNNIE DENMARK                                                                  RESPONDENT

## REPORT & RECOMMENDATIONS

BEFORE THE COURT is the *pro se* and *in forma pauperis* Petition of Jimmy Dwayne Raines for Writ of Habeas Corpus [12] pursuant to 28 U.S.C. § 2254. Respondent Johnnie Denmark filed his Response [15] on February 20, 2014. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the Petition [12] be dismissed with prejudice.

## BACKGROUND

Petitioner Jimmy Dwayne Raines is a post-conviction inmate incarcerated at the South Mississippi Correctional Institution (SMCI) in Leakesville, Mississippi. Petitioner pled guilty to burglary of a dwelling in the Circuit Court of Lauderdale County, Mississippi on April 14, 2008, and he was sentenced to an eight (8) year term of imprisonment as a habitual offender.[1]

In April 2013, Petitioner received a Rule Violation Report (RVR). The RVR reflects that Petitioner possessed "a 43 Internet Tablet" in violation of Mississippi Department of Corrections (MDOC) Rule C7.[2] As a result of the RVR, Petitioner lost 180 days of earned time.[3]

Prisoners can receive earned time credits that reduce the length of a prisoner's sentence pursuant to several statutes. *See* Miss. Code Ann. §§ 47-5-138.1, 47-5-139, 47-5-142, 47-5-413,

---

[1] *See* Order Accepting Guilty Plea and Sentencing [15-1] at 1-4.

[2] *See* Rule Violation Report [15-3] at 1.

[3] *Id.*

1

47-5-461. In this case, it is not entirely clear why Petitioner received trusty earned time credits.[4] However, Petitioner's sentence computation record reflects that Petitioner accrued trusty earned time and that Petitioner lost 180 days of his earned time due to the RVR.[5]

Petitioner appealed the RVR through the MDOC two-step administrative remedies program (ARP).[6] The First Step Response stated that the Petitioner's earned time could be taken away regardless of his mandatory sentence.[7] The Second Step Response upheld Petitioner's loss of earned time and advised him that he had "fulfilled the requirements of the Administrative Remedy Program and is eligible to seek judicial review within 30 days of receipt of the Second Step Response."[8] In addition, Petitioner signed a receipt for the Second Step Response on October 7, 2013.[9] Despite the direction of the Second Step Response, Petitioner did not appeal the ARP decision in a state court.[10]

Petitioner initiated this action on or about October 7, 2013, as a civil rights violation,[11] but he was later directed to file a Writ of Habeas Corpus.[12] On January 17, 2014, Petitioner filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[13] Respondent Johnnie

---

[4] *See* MDOC Sentence Computation Record [15-2].

[5] *Id.*

[6] *See* ARP Documents [15-4].

[7] *Id.* at 10.

[8] *Id.* at 12.

[9] *See* Second Step Response Form [1-1].

[10] *See* Petition [12].

[11] *See* Complaint [1].

[12] *See* Order Requiring Plaintiff to Respond [11].

[13] *See* Petition [12].

Denmark filed his Response on February 20, 2014, and argued that the instant Petition should be dismissed with prejudice for failure to exhaust state remedies.[14]

## ANALYSIS

A state court prisoner must exhaust available state court remedies as to each and every ground upon which he claims habeas relief pursuant to 28 U.S.C. § 2254. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987). Federal law requires habeas petitioners to first present their claims in state court and to exhaust all state court remedies. *See* 28 U.S.C. § 2254(b). The exhaustion requirement is generally satisfied when the grounds urged in the federal petition were presented to the highest state court in a procedurally proper manner. *Wenceslao v. Quarterman*, 326 Fed. App'x 789, 790 ("The exhaustion requirement is satisfied when the substance of the federal habeas claim has been 'fairly presented' to the state's highest court.") (citing *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004)). A habeas petitioner may overcome the procedural default if he is able to "demonstrate cause for the default and actual prejudice as a result," or establish that a "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

In this case, Petitioner challenged the Rule Violation Report through the Mississippi Department of Corrections administrative remedies program (ARP). However, Petitioner did not attempt to appeal the ARP decision in state court as is required by Miss. Code Ann. § 47-5-807.[15] Thus, Petitioner failed to properly exhaust his claims in state court. *See, e.g., Ruff v. Bradley*, 2007 WL 670952, at *2 (N.D. Miss. Feb. 28, 2007) ("No external impediment prevented the

---

[14] *See* Response [15].

[15] "Any offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure under Sections 47-5-801 through 47-5-807 may, within thirty (30) days after receipt of the agency's final decision, seek judicial review of the decision." Miss. Code Ann. § 47-5-807.

3

petitioner from…properly raising and discussing [his] claims as grounds for relief in state court.").

In addition, since the time for exhausting Petitioner's claims has passed, Petitioner can no longer exhaust his claims in state court. Pursuant to Miss. Code Ann. § 47-5-807, Petitioner had thirty days to appeal the Second Step Response to state court, which he has failed to do. This results in a procedural default of Petitioner's habeas corpus claims and bar to review by this Court. *See Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998) (quoting *Magouirk v. Phillips*, 144 F.3d 348, 358 (5th Cir. 1998)) (stating that when federal habeas claims "are 'technically' exhausted because, and only because, [petitioner] allowed his state law remedies to lapse without presenting his claims to the state courts . . . [,] there is no substantial difference between nonexhaustion and procedural default"); *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995) (stating that "[w]hen . . . state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims.").

Accordingly, unless Petitioner can establish cause for his procedural default and actual prejudice, his Petition must be dismissed. In this case, Petitioner does not attempt to show any cause as to why he did not exhaust his claims in state court. In regard to the fundamental miscarriage of justice exception, Petitioner simply argues that he is entitled habeas relief because MDOC did not have the authority to extend his sentence.[16] Federal case law is abundantly clear, however, that the miscarriage of justice exception is strictly limited to cases of actual innocence and does not reach questions of due process in any habeas claim. *See, e.g., Schlup v. Delo*, 513 U.S. 298, 316 (1995) ("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a

---

[16] *See* Petition [12].

miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."). In this case, Petitioner does not assert that he is innocent to the charge in the RVR.

Since Petitioner has not presented his claims to the state court, Petitioner's claims have not been fully exhausted. In addition, the time to exhaust his claims has expired. For these reasons, the Petition for Writ of Habeas Corpus should be dismissed with prejudice.

## RECOMMENDATIONS

Based on the foregoing reasons, the undersigned recommends the Petition for a Writ of Habeas Corpus [12] be DENIED and Petitioner's claims be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 12th of July, 2016.

s/ Michael T. Parker
United States Magistrate Judge